**Opinion issued July 16, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00600-CV

————————————

**ADERONKE ADEREMI, Appellant**

**V.**

**MASSANDRA KV VINEYARDS OWNER, LLC, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO PAC VINEYARDS, LLC, Appellee**

---

**On Appeal from County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1224685**

---

## MEMORANDUM OPINION

This appeal arises out of a suit to evict Aderonke Aderemi from an apartment she leased. The county court ruled in favor of her landlord, and she appeals arguing

that we must reverse its final judgment on multiple grounds.[1] We affirm.

## BACKGROUND

This is a sequel. In a prior lawsuit, Aderemi's landlord tried to evict her for a variety of lease violations: conducting garage sales, refusing access to the apartment for required inspections, and threatening and harassing other residents. *Aderemi v. Massandra KV Vineyards Owner LLC*, Nos. 01-22-00520-CV & 01-22-00525-CV, 2023 WL 7134855, at *1 (Tex. App.—Houston [1st Dist.] Oct. 31, 2023, no pet.) (mem. op.). Though the landlord prevailed below, we reversed and rendered judgment in Aderemi's favor. *Id.* We did so because the complex had changed hands since she signed her lease, and the new owner failed to prove its status as a successor in interest. *Id.* at *7–9. Hence, it could not show a landlord–tenant relationship or right to possession. *Id.*

The landlord then brought this second eviction suit, which is premised on Aderemi's failure to pay rent. It prevailed in the justice court, and Aderemi appealed to the county court. After conducting a trial de novo, at which Aderemi did not

---

[1]  Aderemi was unrepresented by counsel in the trial court, and she continues to represent herself in this court. As instructed by the supreme court, we have construed her briefs with liberality and patience while holding her to the same procedural rules as all litigants, provided that the application of those procedural rules does not turn on the litigant's state of mind. *See Goldstein v. Sabatino*, 690 S.W.3d 287, 295 (Tex. 2024) (pro se pleadings must be evaluated with liberality and patience; there cannot be two sets of procedural rules, one for those with counsel and one for those without, but we must take into account a litigant's state of mind when the rules do).

appear, the county court likewise rendered a judgment for the landlord. The county court also issued supporting findings of fact and conclusions of law.

Aderemi appeals.

## DISCUSSION

Aderemi argues that we must reverse on multiple grounds. She posits that the justice and county courts lacked jurisdiction because the amount of unpaid rent her landlord alleged exceeded the jurisdictional limits of these courts. Based on the doctrines of res judicata and law of the case, she says that the judgment in her favor in the first eviction lawsuit bars this second eviction lawsuit. In addition, Aderemi argues that the county court that heard this lawsuit did so in violation of the local rules providing for the random assignment of cases and that its presiding judge improperly heard the case over her objection. Aderemi further argues that she did not receive notice of trial and that the evidence does not support the county court's findings of fact. She says the county court also erred in not making findings of fact she requested and in rejecting her affirmative claims for relief and affirmative defenses. Aderemi claims the county court erred in granting her landlord leave to file an otherwise untimely response to her motion to dismiss this lawsuit, denying her motion to vacate the judgment, refusing her requested bill of exception, and denying her motion to reduce the amount of the supersedeas bond. Finally, she argues that the county court's judgment is void due to its surreptitious alteration.

We address and reject each of these arguments in turn.

**I.** **Aderemi's challenge to the lower courts' jurisdiction is meritless, as the amount her landlord sued for did not exceed the jurisdictional limit.**

Aderemi argues that the amount of overdue rent her landlord sought to recover exceeded the jurisdictional limit of the justice court, which is $20,000. TEX. GOV'T CODE § 27.031(a)(1). And because the county court's jurisdiction on appeal extended no further than the justice court's, she asserts it lacked jurisdiction too.

The record refutes Aderemi's position. In its pleadings, her landlord limited its request for overdue rent to an amount within the jurisdictional limits of the two courts. Neither court actually awarded any amount for overdue rent in their respective judgments. So, the amount of rent at issue does not affect jurisdiction.

It is true that the county court found Aderemi's monthly rent to be $1,248 and that she had not paid rent since May 2021—an amount more than $20,000. But because her landlord did not place that amount in controversy in its pleadings in this suit, the total amount of rent she has not paid is immaterial to jurisdiction. *See id.* (jurisdiction for cases in which "amount in controversy" is not more than $20,000); *In re City of Dallas*, 501 S.W.3d 71, 73 n.1 (Tex. 2016) (in jurisdictional context, "amount in controversy" means sum of money plaintiff seeks to recover in suit).

We overrule Aderemi's jurisdictional challenge.

4

**II. Contrary to Aderemi's position, the first eviction suit between the parties does not bar this one; res judicata and law of the case do not apply.**

Relying on the doctrines of res judicata and law of the case, Aderemi argues that the first eviction suit, in which she prevailed, bars this second eviction suit. On the same basis, she argues the county court erred by disregarding the judgment and mandate issued by our court in connection with her landlord's first eviction suit.

**A. Res judicata**

A second eviction suit between the same parties concerning the same property is not barred by a prior eviction suit. *See Mendoza v. Bazan*, 574 S.W.3d 594, 605–06 (Tex. 2019) (rejecting applicability of res judicata and collateral estoppel in successive forcible detainer actions, which are one type of eviction suit, as right to immediate possession is uniquely limited in time); TEX. PROP. CODE § 24.004(a) ("Eviction suits include forcible entry and detainer and forcible detainer suits.").

We overrule Aderemi's res-judicata challenge.

**B. Law of the case**

Generally speaking, the law of the case is a discretionary doctrine reflecting the usual practice of not revisiting issues already decided in a suit. *Entergy Corp. v. Jenkins*, 469 S.W.3d 330, 336–37 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). But the doctrine applies to "a single case," not to separate suits. *NRG Expl. Inc., v. Rauch*, 905 S.W.2d 405, 409 (Tex. App.—Austin 1995, writ denied).

We overrule Aderemi's law-of-the-case challenge.

**III. Aderemi's challenges to the trial judge's authority to hear the eviction suit—based on the local rules as to case assignment and her objection under Chapter 74 of the Texas Government Code—are meritless.**

**A. Local rules**

When Aderemi appealed from the justice court, the case was randomly assigned to County Civil Court at Law No. 2 under the local rules. *See* LOCAL R. 3.1.1 (random assignment among the county civil courts at law). But the suit was later transferred to and presided over by County Civil Court at Law No. 1. Aderemi argues this transfer violated the local rules and her right to due process.

But Aderemi is the one responsible for the transfer. She filed a motion to dismiss the suit, arguing that it was barred by the prior eviction suit, which had been litigated in County Civil Court at Law No. 1. And, under the local rules, cases in which claims are based on a prior judgment are assigned to the court of the original judgment. *See* LOCAL R. 3.2.1 (providing for transfer under this circumstance).

We overrule Aderemi's local-rule challenge.

**B. Aderemi's objection**

Aderemi argues that the presiding judge of County Civil Court at Law No. 1 could no longer hear this eviction suit once Aderemi objected to the judge doing so. Aderemi relies on section 74.053(b) of the Government Code, which gives parties the right to object to a judge who is assigned to a civil case under Chapter 74.

Chapter 74 allows for assignment of a judge other than the one who would usually preside over a court (its elected or appointed judge) when doing so is necessary to dispose of accumulated judicial business. TEX. GOV'T CODE §§ 74.052(a), 74.053(a). A party may object to such assignments. *Id.* § 74.053(b).

But the judge who heard this case was not assigned under Chapter 74. She was the judge elected to preside over County Civil Court at Law No. 1. So, Aderemi was not entitled to object to this judge under section 74.053(b). *See O.C.S., Inc. v. Pi Energy Corp.*, 24 S.W.3d 548, 553 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (statute allows objection to "any judge assigned pursuant to Chapter 74").

We overrule Aderemi's objection-related challenge.

## IV. Aderemi's complaint that she lacked notice of the trial date and that trial in her absence therefore violated her right to due process is meritless.

Aderemi suggests she did not appear at trial because she did not receive notice of the trial date and that proceeding to trial without her violated her right to due process. In support, she cites an envelope addressed to her that indicates it and the enclosed notice of the trial date was returned to the clerk's office undelivered.

But the record shows Aderemi was sent two trial-date notices. One was sent to her apartment; it is the one that was returned to the clerk undelivered. The second notice was sent to a post office box that Aderemi listed in her court filings.

There is no indication that this second notice did not reach Aderemi. On the contrary, the record indicates that the second notice did reach her because she

7

referred to the April 29, 2024 trial date in an April 5, 2024 court filing—specifically, the objections she filed in support of her motion asserting lack of jurisdiction.[2]

In sum, the record shows that Aderemi had actual notice of the trial date. And because she had actual notice, proceeding when she did not appear at trial did not violate her right to due process. *See In re K.M.L.*, 443 S.W.3d 101, 119 (Tex. 2014) (right to due process violated when party receives no notice of trial setting).

## V. Aderemi has not filed a reporter's record of the trial in the county court, so we cannot review her challenges to the findings of fact it made. And the county court had no duty to make the contrary findings she requested.

### A. Findings of fact made by the county court

Aderemi argues that several of the county court's findings of fact are unsupported by the record, including but not limited to its findings that a landlord–tenant relationship exists between the parties and that her landlord incurred $1,500 in reasonable and necessary attorney's fees. But Aderemi has not filed a reporter's record of the trial held by the county court. This renders her challenges to the county court's findings unreviewable. *E.g.*, *Crawford v. Sharif*, No. 01-24-00239-CV, 2026 WL 233135, at *3 (Tex. App.—Houston [1st Dist.] Jan. 29, 2026, no pet.) (mem. op.) (appellate court presumes county court heard sufficient evidence to support its

---

[2] Aderemi also repeatedly referred to the trial date in a mandamus petition she filed in this court. *See* Petition for Writ of Mandamus at 5, 22, 29, 31, 34, 38–39, *In re Aderemi*, No. 01-24-00295-CV, 2024 WL 3032511 (Tex. App.—Houston [1st Dist.] June 18, 2024, orig. proceeding) (mem. op.) (per curiam).

findings, including existence of landlord–tenant relationship, in absence of trial record); *Zoanni v. Hogan*, No. 01-17-00394-CV, 2019 WL 3484424, at *2 (Tex. App.—Houston [1st Dist.] Aug. 1, 2019, pet. denied) (mem. op.) (same as to attorney's fees).

We overrule Aderemi's challenge to the fact findings made.

## B. Findings of fact not made by the county court

Aderemi argues the trial court erred in not making findings of fact she requested. Her requested findings relate to the county court's rejection of her defensive theories, like lack of jurisdiction due to the amount of overdue rent, res judicata based on the first eviction suit between the parties, and violation of the local rules in transferring the case from one county civil court at law to another.

However, the main purpose of findings of fact is to make plain the basis for the trial court's decision so that the losing party may effectively appeal. *Izen v. Laine*, 614 S.W.3d 775, 794 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). A trial court need not make additional findings that are unnecessary or contrary to its judgment. *Nicholas v. Env't Sys. (Int'l) Ltd.*, 499 S.W.3d 888, 894 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). And as long as the trial court's failure to make the findings does not prevent the losing party from properly presenting its appeal, the trial court's failure, even if erroneous, is not reversible. *See id.*

In this straightforward eviction suit, the basis for the county court's decision and its rejection of Aderemi's defensive theories is plain. In addition, the county court's failure to make findings as to her defensive theories did not prevent her from properly presenting them to us on appeal. Thus, the county court did not err in not making her requested findings, and their absence could not support reversal even if the county court's failure to make them could somehow constitute error. *See id.*

We overrule Aderemi's challenge to fact findings not made.

## VI. Whether made as a counterclaim or an affirmative defense, Aderemi cannot show error based on allegations of constructive eviction. The same is true of her statutory claims and affirmative defense of unclean hands.

Aderemi argues her landlord is or was in the process of constructively evicting her and the county court erred in preventing her landlord from doing so. She also asserts that reversal is warranted based on her landlord's violation of federal statutes, including the Fair Housing Act, and that the judgment cannot stand because her landlord has unclean hands.

Aderemi cannot assert counterclaims in this eviction suit. TEX. PROP. CODE § 24.004(c); TEX. R. CIV. P. 510.6(f); *Wilson v. Sterling Shire Apts.*, No. 01-17-00785-CV, 2018 WL 3431586, at *2 (Tex. App.—Houston [1st Dist.] July 17, 2018, pet. denied) (mem. op.) (excepting claim for rent, no claims can be raised in eviction suit).

10

As she received notice of but did not appear at trial, she waived the affirmative defense of unclean hands as well as constructive eviction, to the extent she argues it is an affirmative defense. *See Love v. State Bar of Tex.*, 982 S.W.2d 939, 943 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (one who raises affirmative defense but does not appear at trial and offers no evidence effectively waives defense).

We overrule Aderemi's challenges premised on constructive eviction, the violation of federal statutes, and the affirmative defense of unclean hands.

## VII. The county court did not err in granting Aderemi's landlord leave to file an otherwise untimely response to her motion to dismiss the suit.

Relying on the local rules regarding motion practice, Aderemi argues that the county court erred in granting her landlord leave to respond to her motion to dismiss less than three working days before it was heard. *See* LOCAL R. 3.3.3 (responses due at least three working days before submission date, except on leave of court).

Here, Aderemi moved to dismiss on Monday, April 1, 2024, and she filed a follow-up brief in support of the motion on Friday, April 5, 2024. Her landlord responded on Monday, April 8, 2024, and the county court heard Aderemi's motion the next day. At the hearing, the judge explained that because the motion was being heard on an expedited basis (as Aderemi had characterized it as an emergency) without giving Aderemi's landlord the usual ten days from filing to submission, it

was not possible for it to file its response three days before the hearing. *See* LOCAL R. 3.3.2 (motions to be set for submission no sooner than ten days after filing).

Given this record, the trial court did not abuse its discretion in allowing Aderemi's landlord to file a response less than three days before the hearing on her motion. *See Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (courts do not require litigants to comply with rules in situations in which compliance has been made impossible through no fault of their own).

Also, in her motion, Aderemi urged dismissal based on the same arguments we have rejected on appeal, such as lack of jurisdiction and res judicata. So, any error in granting leave to respond untimely to the motion would be harmless, as the motion lacked merit. *See* TEX. R. APP. P. 44.1(a)(1) (appellate court cannot reverse based on trial court error unless it probably caused rendition of improper judgment).

We overrule Aderemi's challenge as to the timeliness of the response.

## VIII. The county court did not err in denying Aderemi's motion to vacate its judgment, which was premised on arguments that we have rejected.

Aderemi moved to vacate the county court's judgment, reasserting her arguments that her landlord's current eviction suit was barred by res judicata based on the first eviction suit and that reversal of the judgment was required due to the improper transfer of the suit from one county civil court at law to another.

We have already addressed and rejected these arguments. Because they are without merit, the county court did not err in denying Aderemi's motion to vacate.

12

**IX. Aderemi has waived the remainder of her appellate complaints.**

**A.      Bill of exception**

Aderemi argues that the county court erred in refusing her bill of exception.

The purpose of a bill of exception is to preserve error by ensuring that evidence excluded at trial is in the record so the appellate court can review whether the trial court erred in excluding it. *Powell v. Comm'n for Lawyer Discipline*, 710 S.W.3d 288, 343–44 (Tex. App.—Houston [1st Dist.] 2024, no pet.). But Aderemi did not appear at trial. Consequently, she did not try to introduce any evidence, and the trial court made no rulings as to the admissibility of the evidence she sought to include in her bill of exception. In the absence of a trial court ruling excluding any of this evidence, there was no ostensible error to preserve by a bill of exception. *See id.* at 343 (to preserve complaint about excluded evidence, party must try to introduce it at trial and obtain ruling); TEX. R. APP. P. 33.2 (bill of exception must identify "the objection to the court's ruling or action, and the ruling complained of").

We overrule Aderemi's bill-of-review challenge.

**B.      Supersedeas bond**

Aderemi argues that the county court erred in denying her motion to reduce the supersedeas bond. But she posted the bond, and the record does not show that she presented her motion to the county court for a ruling by setting it for submission or requesting an oral hearing. Nor does the record reflect a ruling by the county court.

Aderemi has thus waived this complaint. *See* TEX. R. APP. P. 24.4(a), 33.1(a); *see also Noel v. Oakbend Med. Ctr.*, No. 01-21-00206-CV, 2022 WL 3031347, at *7 (Tex. App.—Houston [1st Dist.] Aug. 2, 2022, pet. denied) (mem. op.) (filing motion or setting it for hearing is not enough to preserve error; record must show it was brought to trial court's attention and trial court refused to rule on it over objection); *Metzger*, 892 S.W.2d at 49 (court is not required to rule on motion that is not called to its attention).

We overrule Aderemi's supersedeas challenge.

## C.    Altered judgment

During the pendency of this suit in the county court, Aderemi paid a certain amount of rent she owed into the court's registry. In its final judgment, the county court ordered that this amount be disbursed to her landlord. On appeal, Aderemi argues that the judgment is void because the county court (or its clerk) surreptitiously altered it after it had already been signed and electronically issued to amend the amount of rent she had paid into the court's registry from $2,496 to $3,744.

But the appellate record does not contain evidence of a surreptitious alteration of the judgment. In the county court's judgment, the $2,496 figure is struck through and replaced with the $3,744 figure. The record also contains a second, otherwise identical version of the judgment without this strike through and replacement. But this second version only appears as an exhibit to Aderemi's request for a

14

supplemental clerk's record. While Aderemi asserts in her briefing in this court that this second version was originally issued by the county court and then replaced by the other version without notice, there is no evidence in the record substantiating this assertion. The issue was not litigated or developed below, so we have no way of ascertaining the provenance of this second version of the court's judgment.

On this record, in which the purported surreptitious alteration depends solely on assertions made by Aderemi in her briefing, this issue is not reviewable. *See ODIN Demolition & Asset Recovery, LLC v. Marathon Petrol. Co.*, No. 01-17-00438-CV, 2018 WL 4131038, at *5 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op.) ("Unsupported arguments in briefs or motions are not evidence.").

In addition, we note that Aderemi does not dispute that $3,744 is the correct amount, as she asks this court to award this exact amount to her in her reply brief. Hence, Aderemi could not show harm even if she could substantiate her assertion about the judgment's alteration. *See* TEX. R. APP. P. 44.1(a)(1) (trial court's error is not reversible unless error probably caused court to render improper judgment).[3]

We overrule Aderemi's altered-judgment challenge.

---

[3] *Cf. Hardy v. Broaddus*, 35 Tex. 668, 680, 685–86 (1872) (clerk of court altered judgment amount at behest of party in whose favor it had been rendered after judgment had already issued; held: "the judgment was void from and after the alteration").

## CONCLUSION

We affirm.

David Gunn
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.